891 F.2d 298
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KBL CORPORATION, Plaintiff-Appellant,
v.
MING-TAY HARDWARE INDUSTRIAL CO., LTD. and Wen Tay Kuo,
Defendants/Cross-Appellants.
 Nos. 89-1304, 89-1326.
 United States Court of Appeals, Federal Circuit.
 Nov. 2, 1989.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 DECISION
 KBL Corporation (KBL) appeals the portion of the judgment of the United States District Court for the District of Massachusetts, No. CA 85-2995-H, dated January 11, 1989, that the MT 3025 bicycle lock of Ming-Tay Hardware Industrial Company, Ltd. (Ming-Tay) did not infringe United States Patent No. 4,155,231 ('231 patent) under the doctrine of equivalents. Ming-Tay and Wen Tay Kuo cross-appeal portions of the judgment (1) that the '231 patent is not invalid under 35 U.S.C. § 103 and (2) that the '231 patent is not unenforceable on the basis of inequitable conduct. We affirm the district court's determinations that Ming-Tay's bicycle lock did not infringe the '231 patent and that there was no inequitable conduct in the prosecution of the application for that patent. The court's holding on validity is vacated.
 
 OPINION
 
 1
 We have considered the record and arguments of KBL on the infringement issue, but we are not convinced that the court's finding of noninfringement was clearly erroneous. Further, for the reasons expressed in the opinion of the district court, we conclude that the court did not abuse its discretion in determining that there was no inequitable conduct in prosecuting the application for the '231 patent. See Kingsdown Medical Consultants, Ltd. v. Hollister, Inc., 863 F.2d 867, 9 USPQ2d 1384 (Fed.Cir.1988).
 
 
 2
 In view of our affirmance of the district court's determination with respect to infringement, the decision of the district court that the '231 patent is not invalid is moot. See Vieau v. Japax, Inc., 823 F.2d 1510, 3 USPQ2d 1094 (Fed.Cir.1987).
 
 COSTS
 
 3
 Costs are awarded to Ming-Tay.